IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | : : : | |
| Plaintiff | : : | CIVIL ACTION NO. |
| v. | : : : | |
| CFS HEALTH MANAGEMENT, INC. d/b/a SHEFA WELLNESS CENTER | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, pregnancy, and to provide appropriate relief to Charging Party April Raines ("Raines") who was adversely affected by such practices. Plaintiff, Equal Employment Opportunity Commission, ("EEOC") alleges that Defendant CFS Health Management, Inc. d/b/a Shefa Wellness Center ("Defendant") subjected Raines to unlawful discrimination by terminating her employment because of her pregnant status, in violation of Title VII, as amended.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Georgia, and the city of Canton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Charging Party April Raines filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May 6, 2013, Defendant has engaged in unlawful employment practices at its Canton, Georgia, facility in violation of Sections 703(a) and (m) of Title VII, 42 U.S.C. §§ 2000e-2(a) and (m), by terminating Raines' employment in whole or in part because of her sex/pregnancy, in violation of Title VII, as amended.

8. On or about April 22, 2013, Defendant hired Raines as a licensed skin care therapist at its Canton, Georgia location.

9. Defendant told Raines that she was being hired to expand Defendant's business in the area. Raines participated in two interviews before she was offered the position by Defendant's Owner. It was initially agreed that Raines would work

up to three days per week, but once business picked up, Defendant's Owner told Raines that she would be offered a full-time schedule.

10. On May 6, 2013, Raines told Defendant's Owner and the Office Manager that she was pregnant.

11. Two days later, on May 8, 2013, Defendant took Raines off the work schedule.

12. The following day, on May 9, 2013, Raines emailed Defendant's owner to ask why her hours were being reduced after informing him of her pregnancy. Later that day, the owner called Raines, telling her that he felt deceived that she had not informed him of the pregnancy before she was hired, and that she was legally obligated to tell him during her interview.

13. Raines told Defendant's owner that she was fully capable of performing her duties. The owner insisted to Raines that she could not work for Defendant because she deceived him by not telling him that she was pregnant.

14. Raines asked the owner what her schedule would be for the following week. He told Raines that Defendant would call her if she was needed and, if that was not good enough, she could go elsewhere.

15. Later that same day, the owner called Raines again, informing her not to report to a meeting scheduled for the next day. Raines was not scheduled to work again for Defendant.

16. Raines' status as a pregnant female was an unlawful motivating factor in Defendant's decision to terminate her employment.

17. The effects of the practices complained of in paragraph 7 through 16, above, have been to deprive Raines of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and/or pregnancy.

18. The unlawful employment practices complained of in paragraph 7 through 16, above, were intentional.

19. The unlawful employment practices complained of in paragraph 7 through 16, above, were carried out with malice and/or reckless indifference to the federally protected rights of Raines.

20. The effects of the practices complained of in paragraphs 7-16, above, have been to inflict emotional pain, suffering, and inconvenience upon Raines and deprive her of the financial and other benefits of working for Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from refusing to hire and/or terminating employees on the basis of sex and/or pregnancy, and any other employment practice which discriminates on the basis of sex and/or pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Raines, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Raines, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 16, above, including, but not limited to, job search expenses.

E.    Order Defendant to make whole Raines, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 16, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress and humiliation in amounts to be determined at trial.

F.    Order Defendant to pay to Raines punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 7 through 16, above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs in this action.

[*Jury Trial Demand and Signatures on following page*]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                      Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

| | |
|---|---|
|   March 25, 2015<br>Date | s/ Robert K. Dawkins<br>Robert K. Dawkins<br>Regional Attorney<br>Georgia Bar No. 076206<br>robert.dawkins@eeoc.gov |
| Ottrell Edwards<br>Supervisory Trial Attorney<br>Georgia Bar No. 141979<br>ottrell.edwards@eeoc.gov | Lakisha Duckett Zimbabwe, Esq.<br>Senior Trial Attorney<br>Georgia Bar No. 231641<br>lakisha.duckett-zimbabwe@eeoc.gov<br><br>U.S. Equal Employment Opportunity Commission<br>Atlanta District Office<br>100 Alabama St., SW, Suite 4R30<br>Atlanta, Georgia 30303<br>Telephone:  (404) 562-6818<br> Facsimile:  (404) 562-6905 |